IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VICTORIA C. PEREZ | § § § | |
| v. | § § | CIVIL ACTION NO. 7:15-CV-00073 |
| DONNA INDEPENDENT SCHOOL DISTRICT | § § § § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

## I.   Introduction

1.1   This is a sexual assault and molestation action for money damages brought by VICTORIA C. PEREZ, arising from violations of her federal civil rights committed by the named defendant.

## II.   Parties

2.1   Plaintiff, VICTORIA C. PEREZ resides in Hidalgo County, Texas.

2.2   Defendant DONNA INDEPENDENT SCHOOL DISTRICT (hereinafter "Defendant DONNA ISD"), is political subdivision of Hidalgo County, Texas. DONNA ISD has been served with legal process herein and answered and appeared through its counsel of record.

## III.   Jurisdiction and Venue

3.1   Pursuant to 28 U.S.C. § 1331, the court has original, federal question jurisdiction over Plaintiff's claims under Title IX of the Education Amendments of 1972.

## IV.   Background

4.1   When it is alleged in this complaint that Defendant DONNA ISD committed any act and/or omission, it is meant that Defendant DONNA ISD and/or its officers, principles, agents, teachers, employees, or representatives who qualify as an "appropriate person" for purposes of Title IX liability committed such act and/or omission and that at the time, it was done with full authorization and/or ratification of Defendant DONNA ISD or done in the normal and routine course and scope of employment of Defendant DONNA ISD and/or its officers, principles, agents, teachers, employees, or representatives.

4.2   Beginning in 2014, Carlo Cordova, while under the employment, supervision and control of Defendant DONNA ISD as a teacher, sought after and sexually violated VICTORIA C. PEREZ. Such conduct on the part of Cordova occurred at Donna High School in the DONNA ISD. At the time of the sexual violations, Cordova was a teacher. VICTORIA C. PEREZ was a minor attending that school.

4.3   On or about November 14, 2014, the Donna Police Department began their investigation of Cordova. Cordova was later arrested and charged with improper relationship between educator and student.

4.4   During the course of the investigation of this case, it was discovered that another allegation of inappropriate conduct between educator and student involving Cordova had been previously reported. Claudia Lopez, a Culinary Arts teacher at Donna High School, had first reported the incident to Deborah Medrano, an assistant principal at Donna High School. Ms. Medrano then reported it to Nancy Castillo, the principal at Donna High School. The report was then submitted to Debbie Rodriguez, Superintendent of Human Resources for DONNA ISD, for further investigation.

4.5   Plaintiff alleges that DONNA ISD is a recipient of federal educational funding and is subject therefore to the restrictions and obligations imposed by Title IX.

4.6   At all pertinent times, Defendant DONNA ISD acted through individuals who had authority on behalf of the District to repudiate and correct violations of Title IX, including the Assistant Principal and Principal of Donna High School and DONNA ISD's Superintendent of Human Resources.

4.7   As a direct and proximate result of the said acts of DONNA ISD, VICTORIA C. PEREZ, has suffered the following injuries and damages:

   a.   Discrimination on the basis of sex in the provision of educational services in violation of Title IX; and

   b.   Physical pain and suffering and emotional trauma and suffering resulting from the violation of Title IX.

4.8   Plaintiff further alleges that Defendant DONNA ISD knew of Cordova's past history of improper sexual conduct with female students of DONNA ISD. Defendant DONNA ISD did not follow DONNA ISD policy or state law, and they failed to take action to protect Plaintiff VICTORIA C. PEREZ's rights.

4.9   At all pertinent times, Defendant DONNA ISD authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

## V.   Violation of Title IX

5.1   The allegations contained in paragraphs 4.1 through 4.9 are herein incorporated by reference, the same as if fully set forth *verbatim* for any and all purposes of this pleading.

5.2   Defendant DONNA ISD is a regular recipient of federal funding and has been at all times relevant to this facts giving rise to this cause.

5.3 Plaintiff contends that Defendant DONNA ISD's failure to have policies, procedures, practices, and customs in place to assure Plaintiff VICTORIA C. PEREZ was not a victim of harassment and sexual abuse based upon her gender and/or sexual assaults violated her rights pursuant to Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.*

5.4 Defendant DONNA ISD acted through the Assistant Principal and Principal of Donna High School and DONNA ISD's Superintendent of Human Resources, all of whom actually knew about the danger posed by Cordova to Donna High School students, including Plaintiff, VICTORIA PEREZ, and acted with deliberate indifference in failing to investigate, failing to follow any established policy for investigation threats to students from District employees like Cordova, and failing to take steps necessary to protect students like Plaintiff VICTORIA PEREZ from Cordova.

5.5 The violation of Title IX by DONNA ISD was the proximate and producing cause of the sexual assault and molestation of Plaintiff, VICTORIA PEREZ.

## VI. <u>Damages</u>

6.1 As a result of the foregoing unlawful and wrongful acts of Defendant, Plaintiff has been caused to suffer general damages that include, but are not limited to, the following: physical pain and mental anguish in the past and future; pain and suffering in the past and future; past and future medical expenses including costs for psychological treatment and/or therapy; and severe emotional and mental distress in the past and future.

6.2 Pursuant to 42 U.S.C. § 1988, a prevailing party in a Title IX case is entitled to recover its attorney's fees and expert fees. Hence, Plaintiff further prays for

all costs, attorney fees, and expert fees associated with bringing the present case to trial.

    6.3    Plaintiff asserts that all conditions precedent to filing suit have occurred.

    6.4    Plaintiff demands a trial by jury for which the fee is separately tendered.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover compensatory damages against Defendant along with reasonable attorneys' fees, including costs and expert fees as allowed by law. Further, Plaintiff prays for all pre-judgment and post-judgment interest at the highest rate allowed by law that can be assessed against Defendant in the event of recovery, and Plaintiff prays for any and all further relief, to which she may show herself to be entitled.

Respectfully submitted,

**GARCIA, OCHOA & MASK, L.L.P.**

By:    /s/ Ricardo A. Garcia
       RICARDO A. GARCIA
       State Bar No. 07643200
       LINO H. OCHOA
       State Bar No. 00797168
       JODY R. MASK
       State Bar No. 24010214
       Alberto L. Guerrero
       State Bar No. 00790800
       820 South Main
       McAllen, Texas 78501
       Telephone No.: 956/630-2882
       Telecopier No.: 956/630-5393

       **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2015, a true and correct copy of the foregoing was delivered on counsel of record for Defendant, Donna Independent School District, via email to Defendant's lead counsel, Edward Garza, at the following email address: eddie@esparzagarza.com. In addition, counsel has been served with a copy of this pleading through the Court's EM/ECF electronic filing system.

/s/ Ricardo A. Garcia
RICARDO GARCIA